EDITH S. WILLCOX,     )
            )
  **Plaintiff,**      )
            )
**v.**            )   **No. 3:07-cv-359**
            )   **(Phillips)**
**TENNESSEE DISTRICT ATTORNEYS** )
**GENERAL CONFERENCE;**   )
**JAMES W. KIRBY,** *Individually*; **and** )
**RUSSELL JOHNSON,** *Individually*;  )
            )
  **Defendants.**     )

## MEMORANDUM AND ORDER

This is an action for damages and injunctive relief under the Fair Labor Standards Act and Tennessee statutory and common law. The matter is now before the court on defendants' Motion to Dismiss [Doc. 3] and Motion to Strike [Doc. 11]. For the reasons that follow, the Motion to Dismiss is granted in part and the Motion to Strike is granted in full.

## I.  BACKGROUND

Plaintiff was employed by the Tennessee District Attorneys General Conference ("the Conference") as an Assistant District Attorney from January 2003 to August 2006. The Conference was created in 1961 to effectuate "a more prompt and efficient administration of justice in the courts of the state." Tenn. Code Ann. §§ 8-7-302 (2008). Its membership "consist[s] of all district attorneys general of the State of Tennessee whose salaries are paid in whole or in part out of the state treasury." *Id.* § 8-7-301. The attorney general and the director of the Tennessee Bureau of

Investigation sit as ex officio members. *Id.* Defendant James W. Kirby is the Executive Director of the Conference.

During her employment, plaintiff was required to keep and submit a "Daily Attendance Record" of her hours worked. Any time worked in excess of forty hours a week was to be designated as "compensatory time earned," or "comp" time, for which employees would be paid upon termination.

Plaintiff was terminated on August 31, 2006. On August 31, 2006, the newly elected District Attorney, defendant Russell Johnson, issued a memorandum to all employees stating that comp time would not be accrued in the future; however, all comp time accrued prior to that date would not be lost. As of August 31, 2006, plaintiff had accrued 621 hours of comp time.

Plaintiff alleges that the individual defendants Kirby and Johnson have failed to pay her compensatory time accrued, in violation of the Fair Labor Standards Act, despite having paid comp time to other employees upon termination. Plaintiff further alleges claims against all defendants under Tennessee statutory and common law.


## II.    STANDARD OF REVIEW

Defendants have moved to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants argue under Rule 12(b)(1) that this court lacks subject matter jurisdiction due to all defendants' immunity. Defendants further argue that even if this court finds defendants are not immune from suit, plaintiff's action must be dismissed under Rule 12(b)(6) for failure to state a claim.

Where, as here, a Rule 12(b)(1) motion "attack[s] the claim of jurisdiction on its face ... all

allegations of the plaintiff must be considered as true." *Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007) (quoting *DLX. Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004)). Similarly, under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). To survive a motion to dismiss, the "[f]actual allegations contained in [the] complaint must 'raise a right to relief above the speculative level.' " *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)). This "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 127 S. Ct. at 1974).

## III.    ANALYSIS

### A.    Motion to Strike

Defendants have moved the court to strike the affidavit and various exhibits accompanying plaintiff's response to defendants' motion to dismiss. Defendants contend that this is an improper attempt to convert the motion to dismiss to a motion for summary judgment. Plaintiff in turn simply contends that under the Federal Rules of Civil Procedure, the court must consider the evidence; plaintiff fails to argue, however, whether due to the additional materials the court must consider the motion as a motion for summary judgment.

"If, on a motion under Rule 12(b)(6) ... matters outside the pleadings are presented to and

not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. Pro. 12(d).[1] If the court deems the appended material to be outside the pleadings, it therefore has two options. The court may strike the materials and consider the motion as a motion to dismiss under Rule 12(b)(6). If the court chooses to consider the appended material, however, it must treat the motion as a motion for summary judgment under Rule 56. *Id.*

Accordingly, the court must first determine whether the additional materials are "outside the pleadings." The Sixth Circuit takes "a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6)," *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001), and therefore certain documents may properly be considered under Rule 12(b)(6) without converting the motion to one for summary judgment. "If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings. At this preliminary stage in litigation, courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies." *Id.* (inner citation omitted); *accord, e.g.*, *Bassett*, 528 F.3d at 430.

Appended to plaintiff's response to defendants' motion to dismiss are the following: (1) an affidavit by plaintiff regarding the alleged facts of the case, (2) plaintiff's daily attendance record for August 2006, (3) plaintiff's leave request for July 3 through 7, 2006, (4) plaintiff's leave request for May 26 to June 6, 2006 (marked as comp time), (5) plaintiff's employee leave balance for the fiscal year July 1, 2006 through June 30, 2007, (6) a notice of termination for employee Gary Fox, (7) the October 11, 2006 memorandum outlining the conference's comp time policies, (8) payment

---

[1] The court notes that in her sparse brief, plaintiff cites the former version of the Federal Rules of Civil Procedure, which were revised effective December 1, 2007.

of comp leave to Dennis Moldenhauer, (9) letter from plaintiff to defendant Kirby, (10) an apparent email from plaintiff to Kirby, (11) a letter from Kirby to plaintiff, and (12) plaintiff's annual leave request for 2006 indicating comp time of 621 hours.

While these materials are certainly relevant to plaintiff's claim, it is not clear that they are "central to her claim" and specifically referred to in the complaint. For example, the materials pertaining to employees other than plaintiff are not *central* to the complaint, though they may indeed be indicative of disparate treatment. Accordingly, on the whole the court deems the materials to be outside the pleadings, as they are not "referred to in [the] complaint and central to the claim." If the court were to consider the materials, therefore, pursuant to Rule 12(d) the court would be required to convert the motion to one for summary judgment under Rule 56. Yet as the issues raised by defendants are appropriate for resolution under the less exacting Rule 12 standard, the court will simply refrain from considering the materials. Accordingly the materials are excluded, and defendants' motion to strike is granted.

### B.   Subject-Matter Jurisdiction (Immunity)

#### 1.   *Tennessee District Attorneys General Conference*

The Eleventh Amendment to the Constitution of the United States provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment, however, is not the sole source of immunity for states; indeed, while States' immunity is often referred to as "Eleventh Amendment Immunity," as the Supreme Court has noted,

> [t]he phrase is ... something of a misnomer, for the sovereign immunity of the States neither derives from nor is limited by the terms of the Eleventh Amendment. Rather, as the Constitution's structure, its history, and the authoritative interpretations by this Court make clear, the States' immunity from

> suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today ... except as altered by the plan of the Convention or certain constitutional Amendments.

*Alden v. Maine*, 527 U.S. 706, 713 (1999). Accordingly, "[t]he States' immunity from suits in federal court applies to claims against a State by citizens of the same State as well as to claims by citizens of another State." *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005).

Among many exceptions to this immunity, however, is that "[t]he immunity does not attach if the lawsuit is not against the State or an 'arm of the State.' " *Id.* State agencies in particular present the issue of whether the suit is against an arm of the State. "When suit is brought against a public agency or institution ... 'the application of [immunity] turns on whether said agency or institution can be characterized as an arm or alter ego of the state, or whether it should be treated instead as a political subdivision of the state.' " *Hutsell v. Sayre*, 5 F.3d 996, 1000 (6th Cir. 1993) (quoting *Hall v. Med. Coll. of Ohio at Toledo*, 742 F.2d 299, 301 (6th Cir. 1984)). The agency only enjoys immunity if it is an arm of the state, not a political subdivision.

To determine whether an agency is an "arm of the State," the Sixth Circuit examines four factors: "(1) whether the state would be responsible for a judgment against the entity in question; (2) how state law defines the entity; (3) what degree of control the state maintains over the entity; and (4) the source of the entity's funding." *Ernst*, 427 F.3d at 359 (quoting *S.J. v. Hamilton County*, 374 F.3d 416, 420 (6th Cir. 2004)). An analysis of these four, interrelated factors demonstrates that the Tennessee District Attorneys General Conference is an arm of the State entitled to immunity.

First, it is readily apparent that the state would be responsible for a judgment against the entity, as it is created by state statute and wholly funded by the state treasury. *See* Tenn. Code Ann. §§ 8-7-301 to 315. Second, its membership consists of public officials, *see* Tenn. Code Ann. §§ 8-7-

-6-

101 to -606 (defining district attorneys general and the Conference under Title 8, "Public Officers and Employees"), who are charged with, among other things, prosecuting the state's criminal statutes, *id.* § 8-7-103(1), and appearing in courts "for the protection of the state or the public interest, *id.* § 8-7-103(3). These statutory definitions clearly envision the Conference as an arm of the state. Third, while the various district attorneys general maintain individual discretion to perform their duties, these duties include enforcing state law—duties which very clearly are on behalf of the state. Finally, as aforementioned, the entity is entirely funded by the state, *see* Tenn. Code Ann. §§ 8-7-105, -315.

Accordingly, the court finds that the Conference is an arm of the state entitled to sovereign immunity.[2] This immunity extends to plaintiff's state law claims against the conference. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-21 (1984). Because the Conference is immune, defendants' motion to dismiss under 12(b)(1) is granted with regard to all of plaintiff's claims against the Conference.

### 2.    *Individual defendants*

The individual defendants likewise argue that the Eleventh Amendment immunizes them from plaintiff's action. Defendants Kirby and Johnson were each sued in their individual capacity. The individual defendants, however, do not enjoy immunity under the Eleventh Amendment.

First, with regard to plaintiff's claim for monetary damages against the individual defendants, they are not immune because plaintiff sued them in their individual capacities. In *Hafer v. Melo*, the Supreme Court emphasized that a plaintiff may sue a state official in his individual

---

[2] The Supreme Court has held that Congress's attempt to abrogate this immunity within the provisions of the FLSA by authorizing private actions against the states was constitutionally invalid. *Alden v. Maine*, 527 U.S. 706 (1999).

capacity, even though his actions were undertaken in his official capacity. *Hafer v. Melo*, 502 U.S. 21, 25-26, 31 (1991) (holding in context of 42 U.S.C. § 1983 suit that officials sued in their individual capacities are "persons" under that statute). In contrast to suits against officials in their official capacity, for which any liability would issue from the state treasury, a suit against an official in his *individual* capacity seeks the personal liability of the official. Because liability would issue from the individual, not the state, the state is not the real party in interest, and the Eleventh Amendment does not bar the action. *Id.* at 25-26; *accord, e.g.*, *Alden v. Maine*, 527 U.S. 706, 756 (1999) ("Even a suit for money damages may be prosecuted against a state officer in his individual capacity for unconstitutional or wrongful conduct fairly attributable to the officer himself, so long as the relief is sought not from the state treasury but from the officer personally."); *see also* Erwin Chermirinsky, *Federal Jurisdiction* 429 (4th ed. 2003) ("[I]f the suit is against an officer for money damages when the relief would come from the officer's own pocket, there is no Eleventh Amendment bar even though the conduct was part of the officer's official duties."); *cf. Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2006) ("The [states'] immunity also applies to actions against state officials sued in their *official* capacity for money damages." (emphasis added)). Because the individual defendants are only sued in their individual capacities, the court finds that they are not immune with regard to plaintiff's federal law claims for money damages.[3]

There is, however, a slight distinction with regard to plaintiff's claims for damages under

---

[3] Some courts have created an exception where the suit is only nominally against the state official in his individual capacity, but liability nevertheless would necessarily issue from the state. *See, e.g.*, *Luder v. Endicott*, 253 F.3d 1020, 1023-25 (7th Cir. 2001). This exception, however, does not appear to be applicable in this case. While there is a state statute *authorizing* indemnification of state employees, Tenn. Code Ann. § 9-8-112, it does not *require* indemnification, and in any case it is not yet apparent whether this suit would fall within the purview of indemnification. As long as indemnification is not required, the suit remains against the state official in his individual capacity and the Eleventh Amendment does not serve as a bar to suit. *Wilson v. Beebe*, 770 F.2d 578, 587-88 (6th Cir. 1985).

-8-

state law. In addition to seeking monetary relief under the FLSA, plaintiff seeks monetary damages under Tennessee law. [Compl., Doc. 1 at 4-5]. Although the Supreme Court has held that the Eleventh Amendment in general bars pendent state law claims that "state officials violated state law in carrying out their official responsibilities," *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984), the Sixth Circuit has clarified, post-*Hafer*, that "neither the Eleventh Amendment nor *Pennhurst* deprives federal courts of jurisdiction over state law claims for damages against state officials sued in their individual capacities." *Williams v. Kentucky*, 24 F.3d 1526, 1543 (6th Cir. 1994).

Finally, under a closely related line of precedent, plaintiff's claims for injunctive relief against the individual defendants are not barred. It is well established that suits against state officers for injunctive relief are not barred by the Eleventh Amendment, *Ex parte Young*, 209 U.S. 123, 159-60 (1908), so long as the injunctive relief sought is a prospective mandate to conform to some standard rather than retroactive compensation for past injuries, *Edelman v. Jordan*, 415 U.S. 651, 664-65 (1974). As plaintiff has merely requested to "[e]njoin the individual defendants from violating the rights guaranteed to the plaintiff under the Fair Labor Standards Act," [Compl., Doc 1 at 5], it appears that such relief is prospective in nature, and accordingly is not barred by the Eleventh Amendment.

In sum, defendants Kirby and Johnson, both sued in their individual capacities, are not immune from suit under the Eleventh Amendment. The only potential sources of immunity available to the defendants are common-law sources of immunity, namely, qualified immunity. *See Hafer v. Melo*, 502 U.S. 21, 25 ("[O]fficials sued in their personal capacities ... may assert personal immunity defenses such as objectively reasonable reliance on existing law."); Chemirinsky, *Federal*

*Jurisdiction*, *supra*, at 429 (officials not immune under Eleventh Amendment may enjoy absolute or qualified immunity). Qualified immunity, however, as opposed to immunity under the Eleventh Amendment, is "an affirmative defense that must be pleaded by the defendant official." *Hughlett v. Romer-Sensky*, 497 F.3d 557, 568 (6th Cir. 2006). Because defendants failed to raise these defenses in the alternative, the court need not address them here.

## C.  Failure to State a Claim

Because the individual defendants are not immune with regard to plaintiff's claims under the FLSA, this court must test the legal sufficiency of plaintiff's claims pursuant to defendants' motion to dismiss under Rule 12(b)(6).

### 1.  FLSA

Defendants argue that plaintiff has failed to state a claim under the Fair Labor Standards Act, as (1) she was exempt from the provisions under which she claims she was injured and (2) she was not an employee of either individual defendant. These arguments are without merit.

The Fair Labor Standards Act ("FLSA") governs various labor practices, including minimum wages and maximum hours worked per week. In particular, section 207(o) of the FLSA governs the disbursement of compensatory time for "employees of a public agency which is a State, a political subdivision of a State, or an interstate governmental agency." 29 U.S.C. § 207(o) (2006). Section 213, however, holds certain categories of employees exempt from minimum wage and maximum hour provisions, including "any employee employed in a bona fide executive, administrative, or professional capacity." *Id.* § 213(a)(1). The Department of Labor has promulgated regulations that define "employees employed in a bona fide professional capacity" to include "[a]ny employee who is the holder of a valid license or certificate permitting the practice of law or medicine or any of their

-10-

branches and is actually engaged in the practice thereof." 29 C.F.R. § 541.304 (2007). Defendants argue that as plaintiff was a licensed, professional attorney employed as an Assistant Attorney General, she was subject to these exemptions from payment of compensatory time. [Doc. 4 at 5-6]. Plaintiff counters that her prior treatment as a non-exempt employee and the "promise that she would be paid for her comp time balance at the time of her termination" demonstrate her status as a non-exempt employee and entitle her to the payment of her comp time under § 207(o). [Doc. 10 at 7].

Defendants arguments are without merit. While it is true that plaintiff is a licensed attorney, under Tennessee state law, "[d]istrict attorneys general are prohibited from engaging in the practice of law." Tenn. Code Ann. § 8-7-104 (2008). Accordingly, while acting as an Assistant Attorney General, plaintiff was not "employed in a bona fide ... professional capacity," 29 U.S.C. § 213(a)(1), as she was not "actually engaged in the practice" of law, 29 C.F.R. § 541.304(a)(1). Plaintiff is therefore not exempt from the maximum hour requirements under 29 U.S.C. § 207(o).

Although argued in conjunction with their 12(b)(1) motion regarding immunity, defendants Kirby and Johnson further argue that plaintiff has failed to state a claim under the FLSA as she was not an employee of either individual defendant. Rather, defendants argue, she was an employee of the former District Attorney General of the Ninth Judicial District, Scott McCluen. This argument is likewise without merit.

As previously discussed, plaintiff claims violations of section 7 of the FLSA, 29 U.S.C. § 207(o). Section 15 of the FLSA makes it "unlawful for any person ... to violate any of the provisions of section 7." *Id.* § 215(a)(2). Section 16 in turn prescribes the relevant penalties: "Any *employer* who violates the provisions of ... section 7 of this Act [29 U.S.C. § 207] shall be liable to the

employee or employees affect in the amount of their unpaid ... unpaid overtime compensation ... and in an additional equal amount as liquidated damages." *Id.* § 216(b) (emphasis added). Finally, the term "employer" "includes *any person* acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency." *Id.* § 203(d) (emphasis added).[4]

Accordingly, the court finds that defendants' argument that plaintiff was solely an employee of former District Attorney General Scott McCluen is of little import as to whether the FLSA applies to them. As long as Johnson or Kirby acted "directly or indirectly in the interest" of the State, he would be liable under the FLSA for violating 29 U.S.C. § 207. 29 U.S.C. § 216 (mandating the liability of "[a]ny employer who violates the provisions of ... section 7"); *id.* § 203(d) (defining employer as "*any person* acting directly or indirectly in the interest of an employer in relation to an employee" (emphasis added)). With the little information before the court at this stage in the proceedings, the court cannot dismiss plaintiff's claims under Rule 12(b)(6), as it is simply unclear the extent to which defendants Kirby and Johnson were acting "directly or indirectly in the interest of an employer," here the State, "in relation to [plaintiff]." 29 U.S.C. § 203(d).

In sum, the court finds that with the information presently before it, plaintiff has stated a

---

[4] This definition is significant. Although the Sixth Circuit has never determined whether individual employees of a public agency may be held liable as "employers" under the FLSA, its interpretation of the closely related Family and Medical Leave Act ("FMLA") indicates that an individual employee of a public agency may be an "employer" under the FLSA. The FLSA and the FMLA often mirror each other, indeed with many definitions of the FMLA being directly taken from the FLSA. Yet there is a key distinction in the definition "employer." Whereas the FLSA defines "employer" simply as " includ[ing] any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency," 29 U.S.C. § 203(d), the FMLA separates these clauses, using a separate clause to define "employer" and three separate clauses to illustrate what the term "includes." 29 U.S.C. § 2611(4)(A)(i)-(iv). The significance is that whereas the Sixth Circuit has held that the FMLA does not allow for individual liability of public agency employers, *Mitchell v. Chapman*, 343 F.3d 811, 829 (6th Cir. 2003), the FLSA's definition is far more vague. Applying the analysis under *Mitchell* to the FLSA, it would appear that the FLSA *does* allow for individual liability of public employers. Indeed, a sister court recently engaged in a detailed and thorough analysis of this issue and reached the same result. *Fraternal Order of Police Barkley Lodge #60, Inc. v. Fletcher*, No. 5:07-CV-11-R, 2008 WL 49059 (W.D. Ky. Feb. 20, 2008). The court adopts and incorporates this analysis here and finds that an individual employee of a public agency may be liable under the FLSA.

-12-

claim against the individual defendants under the FLSA.

### 2. State law claims

Finally, plaintiff alleges claims under Tennessee statutory law, Tenn. Code Ann. §§ 8-23-201; 8-30-101(a)(3); and 8-30-214(c), as well as Tennessee common law breach of contract. The court finds that plaintiff has stated a claim under § 8-23-201, which, as defendants concede, "acknowledges FLSA requirements for hours worked in excess of the normal work week." [Doc. 4 at 8]. As the court finds that plaintiff has stated a claim under the FLSA, she has likewise stated a claim under § 8-23-201.

Plaintiff has not, however, stated a claim under the remaining alleged statutory provisions of state law. Section 8-30-214(c) applies only to career service employees. "Career service" is defined as "all offices and positions of trust and employment in the state service which have been placed under civil service provisions of this chapter." Tenn. Code Ann. § 8-30-101(a)(3). "State service" is in turn defined by the statute, *id.* § 8-30-101(a)(23), but specifically excludes from its purview "[t]he offices of the district attorneys general." *Id.* § 8-30-101(a)(23)(G). As plaintiff is excluded from the purview of "state service" and therefore "career service" as well, the court finds that the remaining statutory provisions alleged by plaintiff, namely Tenn. Code Ann. §§ 8-30-101(a)(3) and 8-30-214(c), do not apply to plaintiff, and defendants' motion to dismiss is granted with regard to those claims.

Finally, with regard to plaintiff's claim for breach of contract, the court does not have enough information at this time to determine whether there has been a breach of contract. Accordingly, defendants' motion to dismiss under Rule 12(b)(6) is denied with regard to her claim for breach of contract, subject to renewal upon a properly substantiated motion for summary judgment.

-13-

## IV. CONCLUSION

Because the documents appended to her Response to Defendants' Motion to Dismiss [Doc. 10] fall outside the pleadings and because the court finds the matter appropriate for resolution under the standards applicable to motions to dismiss as opposed to motions for summary judgment, defendants' Motion to Strike [Doc. 11] is **GRANTED**, and the appended documents excluded from consideration.  Further, defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.  Because the Tennessee District Attorneys General Conference is an arm of the state, the Eleventh Amendment bars suit against it, and accordingly all claims against the Conference are **DISMISSED** for lack of subject matter jurisdiction under Rule 12(b)(1).  Finally, defendants' Motion to Dismiss is **DENIED IN PART** with regard to plaintiff's claims against the individual defendants under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, under Tenn. Code Ann. § 8-23-201, and for common law breach of contract.  The motion is **GRANTED IN PART** under Rule 12(b)(6) for failure to state a claim against the individual defendants under Tenn. Code Ann. §§ 8-30-101(a)(3) and 8-30-214(c), whereby such claims are **DISMISSED** against the individual defendants.

**IT IS SO ORDERED**.


**ENTER:**

_____s/ Thomas W. Phillips_____
United States District Judge

-14-