UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| EDITH S. WILLCOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-cv-359 |
| | ) | (Phillips) |
| JAMES W. KIRBY, *Individually*; and | ) | |
| RUSSELL JOHNSON, *Individually*; | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

On September 30, 2008, this court entered a Memorandum and Order [Doc. 15] granting in part and denying in part defendants' Motion to Dismiss [Doc. 3] and granting in full defendants' Motion to Strike [Doc. 11]. Defendants now move the court to amend this order or, alternatively, to certify an order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). [Doc. 16]. Plaintiff responded in opposition [Doc. 22], and further moves to strike an exhibit appended to defendants' supporting memorandum [Doc. 20].

**I.     BACKGROUND**

Plaintiff was employed by the Tennessee District Attorneys General Conference ("the Conference") as an Assistant District Attorney from January 2003 to August 2006. Defendant James W. Kirby is the Executive Director of the Conference.

During her employment, plaintiff was required to keep and submit a "Daily Attendance Record" of her hours worked. Any time worked in excess of forty hours a week was to be designated as "compensatory time earned," or "comp" time, for which employees would be paid

-1-

upon termination.

Plaintiff was terminated on August 31, 2006. On that date, the newly elected District Attorney, defendant Russell Johnson, issued a memorandum to all employees stating that comp time would not be accrued in the future; however, all comp time accrued prior to that date would not be lost. As of August 31, 2006, plaintiff had accrued 621 hours of comp time.

Plaintiff alleges that defendants Kirby and Johnson have failed to pay her compensatory time accrued, despite representations that she would not lose her previously accrued comp time and despite alleged statutory and contractual obligations to do so. On September 17, 2007, plaintiff initiated the instant action under the Fair Labor Standards Act ("FLSA") and Tennessee state law. Defendants moved to dismiss [Doc. 3], arguing that this court lacked subject matter jurisdiction due to their immunity and that, in any event, plaintiff had failed to state a claim. On September 30, 2008, this court granted in part and denied in part defendants' motion to dismiss. [Doc. 15].

First, the court found the Conference was an arm of the state of Tennessee such that it was entitled to sovereign immunity under the Eleventh Amendment of the United States Constitution. [*Id.* at 5-7]. Accordingly, the court dismissed the Conference from this suit. Because plaintiff sued the individual defendants in their individual capacities and for prospective injunctive relief, however, the court found the individual defendants were not subject to immunity. [*Id.* at 7-10]. The court therefore addressed the merits of plaintiff's claim under defendants' alternative motion under Rule 12(b)(6) for failure to state a claim. Relevant to the instant opinion, the court found that plaintiff had stated a claim under § 207(o) of the FLSA and its Tennessee statutory corollary and accordingly denied defendants' motion on its merits with respect to the individual claims. [*Id.* at 10-13].

Defendants dispute the court's findings and accordingly request this court to amend its order or to certify an interlocutory appeal to the Sixth Circuit. Plaintiff responded in opposition and further moves the court to strike an exhibit to defendants' memorandum.

## II. ANALYSIS

### A. Motion to Strike

Plaintiff moves the court to strike an attached exhibit to defendants' supporting memorandum, namely a 1989 Opinion of the Office of the Attorney General of Tennessee, No. 89-99. Plaintiff argues that this opinion should be stricken for reasons previously cited by this court, namely, that it is outside the pleadings. If the court considers the opinion, plaintiff contends, the court must convert the motion to one for summary judgment.

Rule 12(d) provides, "If, on a motion under Rule 12(b)(6) ... matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all material that is pertinent to the motion." Fed. R. Civ. P. 12(d). This rule is appropriately construed, however, to refer to evidentiary materials, not (ostensible) legal authority cited by a party and provided as a courtesy to the court. *See* E.D.TN. LR 7.4 (parties may, but are not required to, file courtesy copies of cited authorities with the court). The court had previously stricken attachments to plaintiff's response because they were evidentiary materials supporting the facts of the case.

The court finds that the appended materials, which are merely copies of the authorities to which defendants cited in their memorandum, need not be stricken, as they are not of evidentiary value requiring the court either to exclude them or to consider the motion as one for summary judgment. Plaintiff's Motion to Strike [Doc. 20] is therefore denied.

B.     **Motion to Amend or Certify Interlocutory Appeal**

Defendants move the court to amend its order under Rule 60(b)(1) for "mistake" or "inadvertence" and additionally or alternatively under Rule 60(b)(6) for "any other reason that justifies relief." If the court denies this request, defendants alternatively move the court to certify an appeal to the Sixth Circuit under 28 U.S.C. § 1292(b).[1]

Rule 60(b) of the Federal Rules of Civil Procedure authorizes the court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for six enumerated reasons. Defendants cite "mistake" and "inadvertence", Fed. R. Civ. P. 60(b)(1), and "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6), as multiple or alternative grounds for this court to amend its previous its order and dismiss the defendants.

Rule 60(b), however, cannot serve as the basis for any relief which the defendants seek. That rule by its terms applies only to *final* orders. The court's previous Memorandum and Order, however, was an interlocutory, not final, order. Defendants clearly recognize the interlocutory nature of the court's Memorandum and Order because they alternatively request the certification of an interlocutory appeal under 28 U.S.C. § 1292. Defendants are not, however, without a potential avenue for relief: with regard to interlocutory orders, such as the one presently at issue, "[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 946 (emphasis removed) (quotation

---

[1] The defendants appear to request such certification in a separate order. Because the terms of 28 U.S.C. § 1292(b) require such certification to appear in the order itself, however, this would require the court to amend its prior order to include the proper language of certification. 29 U.S.C. § 1292(b) (requiring the district judge to "so state in writing in such order," having earlier referred to "making in a civil action an order not otherwise appealable"); *see also, e.g.*, 4 Am. Jur. 2d *Appellate Review* § 117 ("In order for an interlocutory order to be appealable pursuant to the statute ... the trial judge must state [the grounds] in writing, *as part of the order* ...." (emphasis added)).

omitted); *accord, e.g.*, *Dunn v. Savage* (*In re Saffady*), 524 F.3d 799, 802-03 (6th Cir. 2008); *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) ("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment. A district court may modify, or even rescind, such interlocutory orders." (inner citation omitted)).

The FLSA governs various labor practices, including minimum wages and maximum hours worked per week. The provision at issue in this case governs the disbursement of compensatory time to "employees of a public agency which is a State, a political subdivision of a State, or an interstate governmental agency." 29 U.S.C. § 207(o). Section 213 of the FLSA, however, holds certain categories of employees exempt from the minimum wage and maximum hour provisions of § 207, including "any employee employed in a bona fide executive, administrative, or professional capacity." *Id.* § 213(a)(1). The Department of Labor has promulgated regulations that define "employees employed in a bona fide professional capacity" to include "[a]ny employee who is the holder of a valid license or certificate permitting the practice of law or medicine or any of their branches and is actually engaged in the practice thereof." 29 C.F.R. § 541.304(a)(1). While it is undisputed that plaintiff is a licensed attorney, the court previously found that she was not "actually engaged in the practice" of law because Tennessee law provides that "[d]istrict attorneys general are prohibited from engaging in the practice of law," Tenn. Code Ann. § 8-7-104.

Defendants argue that the statute on which the court relied, Tenn. Code Ann. § 8-7-104, should be construed to mean that district attorneys general are prohibited from engaging in the *private* practice of law. Defendants argue that plaintiff and all other district attorneys general clearly engage in the practice of law; they are simply prohibited from doing so on behalf of private individuals. Accordingly, defendants argue, plaintiff is subject to the exemptions of § 213 of the

-5-

FLSA.

The court has carefully reviewed its prior opinion and all relevant case law. The court does not disagree with defendants' construction of Tenn. Code Ann. § 8-7-104, as the court understands that district attorneys general are licensed attorneys practicing law on behalf of the government. The court had previously interpreted the relevant regulation in the same manner—in other words, in consideration of the Tennessee statute and its limitations on plaintiff's employment, the court read 29 C.F.R. § 541.304 to mean that only attorneys engaged in the *private* practice of law are exempt from the FLSA.

After careful reconsideration of the matter and all relevant law, however, the court finds that such an interpretation of the FLSA and its accompanying regulations was incorrect. The exemptions provided in 29 U.S.C. § 213(a)(1) and defined in 29 C.F.R. § 541.304 likewise apply to attorneys employed by state and local governments. The key to this finding does not lie in the interpretation of Tenn. Code Ann. § 8-7-104. Rather, 29 C.F.R. § 553.32 makes clear that the professional exemptions as defined in Part 541 likewise apply to professional employees of state and local governments. 29 C.F.R. § 553.32(c) ("Section 13(a)(1) of the Act provides an exemption from both the minimum wage and overtime pay requirements for any employee employed in a bona fide executive, administrative, professional, or outside sales capacity, as these terms are defined and delimited in Part 541 of this title. An employee will qualify for exemption if he or she meets all of the pertinent tests relating to duties, responsibilities, and salary."). Such exemption clarifies what had previously eluded this court; namely, that attorneys employed by a state or local government, such as plaintiff, are nevertheless still exempt from the FLSA, even though they are engaged in the practice of law on behalf of the government and not in the private practice of law. *See also Jackson*

*County Assistant Prosecutors Ass'n v. County of Jackson*, No. 90-CV-70409DT, 1991 WL 438282 (E.D. Mich. Jan. 30, 1991) (holding that assistant prosecutors for Jackson County, Michigan were exempt from FLSA as licensed attorneys engaged in the practice of law).

The court finds that plaintiff satisfies all of the requirements for exemption from the minimum wage and hour requirements of the FLSA. Most importantly, she is a licensed attorney practicing law on behalf of the government. 29 C.F.R. § 541.304(a)(1). Furthermore, this is her primary duty; indeed, plaintiff has not alleged any additional administrative duties of any sort. *Id.* § 541.700(a). Finally, plaintiff is not subject to the general salary requirements of 29 C.F.R. § 541.300(a)(1), which defines an "employee employed in a bona fide professional capacity" as any employee "[c]ompensated on a salary or fee basis at a rate of not less than $455 per week," as § 541.600 provides that this provision does not apply to licensed attorneys engaged in the practice of law. *Id.* § 541.600(e). The basis for plaintiff's exemption lies solely in her status as a licensed attorney engaged in the practice of law, *id.* §§ 541.304(a)(1), 553.32(c), and the fact that such is her primary responsibility, *id.* § 541.700(a).

Accordingly, the court revises its previous findings and now holds that plaintiff has failed to state a claim against the individual defendants under the FLSA. Plaintiff's claims thereunder against the individual defendants are accordingly dismissed. The court having dismissed the claims forming the basis of this court's jurisdiction under 28 U.S.C. § 1331, the court will decline to exercise its supplemental jurisdiction over plaintiff's remaining state law claims. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim [forming part of the same case or controversy under Article III of the United States Constitution] if ... the district court has dismissed all claims over which it has original jurisdiction ....").

-7-

Case 3:07-cv-00359   Document 24   Filed 01/09/09   Page 7 of 8   PageID #: 115

Because the court has chosen to amend its prior order, it need not amend its prior order to certify an interlocutory appeal to the Sixth Circuit under 28 U.S.C. § 1292(b). In any event, the court does not find the requisite factors for certification under § 1292(b) have been met.

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion to strike [Doc. 20] is **DENIED** and defendants' motion to amend [Doc. 16] is **GRANTED**. The court revises its previous findings and now holds that plaintiff is not subject to the relevant provisions of the Fair Labor Standards Act. The court further declines to exercise its supplemental jurisdiction over any remaining state law claims. Accordingly, the action is hereby **DISMISSED**.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge